IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Laird T. Milburn

Criminal Case No. 09-mj-00066-LTM

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

RICARDO GUERRA,

      Defendant.

---

## ORDER RE: DEFENDANT'S MOTION TO WITHDRAW
## CONSENT TO PROCEED FOR TRIAL, JUDGMENT AND SENTENCING
## BEFORE A U.S. MAGISTRATE JUDGE

---

This matter came on for hearing before the Court on March 3, 2010 pursuant to

Defendant's Motion to Withdraw his consent for trial, judgment and sentencing before a

United States Magistrate Judge. The Court having reviewed the motion, conducted a

hearing on the issue this date, and having considered the arguments of counsel and the

record, make the following FINDINGS:

1.    An initial hearing was held on June 8, 2009 pursuant to two violation notices filed

      by the Bureau of Land Management charging Defendant with violations of 43

      U.S.C. § 1733(2), 43 C.F.R. § 8365.1-6 camping longer than the period of seven

      (7) days in San Miguel County, and 43 U.S.C. § 1733(a), 43 C.F.R. §

      4140.1(b)(3) cutting and destroying vegetation at the same location on lands

administered by the Bureau of Land Management. Said violations were alleged to have occurred on February 20, 2009.

2. An arraignment and discovery conference was held on July 13, 2009, and continued at the request of the Government until August 10, 2009 for additional discovery.

3. On August 10, 2009 Defendant entered a plea of not guilty, waived further advisement, and requested a jury trial which was scheduled for November 3, 2009 for one and one-half days.

4. On October 26, 2009 a status conference was held whereby the trial set for November 3, 2009 was vacated on the basis that the Government had not filed an Information on the two violations, which are class "a" misdemeanors. At that time the Government was ordered to file an Information no later than November 23, 2009.

5. On November 3, 2009 a status conference was held and an Information tendered by the Government, with the Defendant filing a signed consent to proceed before a magistrate judge. Defendant also at that time requested a two day trial, but counsel for the Defendant, Colleen Scissors, indicated a conflict with her schedule should the case be scheduled for trial within the speedy trial limits. At that time, Defendant's counsel, Ms. Scissors also agreed to assist the Court in finding substitute CJA panel counsel to represent the Defendant.

6.  At a November 30, 2009 status conference Ms. Scissors informed the Court she was unable to find substitute counsel and the Court advised that it had been unable to locate local CJA panel counsel to represent the Defendant.

7.  On December 2, 2009 the Court entered its Order scheduling trial for February 18 and 19, 2010 with a motions hearing to be held on January 18, 2010.

8.  At a status conference on December 3, 2009 counsel for the Defendant, Colleen Scissors, present with the Defendant, requested leave to withdraw as counsel for the Defendant on the basis of her scheduling conflicts after being advised of the Court's Order of December 2, 2009.

9.  On December 23, 2009 the Court, was finally able to locate CJA panel counsel to represent the Defendant, and on that date appointed Richard Stuckey of Denver, Colorado to represent the Defendant.

10. On December 29, 2009 a status conference was held whereupon Mr. Stuckey appeared for Defendant (Mr. Guerra was not present) and advised the Court that he was unable to obtain information from Ms. Scissors regarding the Defendant's whereabouts and asked the Court for contact information regarding the Defendant, which was provided by the Court. At that time the Court advised Mr. Stuckey of the two day jury trial scheduled for February 18 and 19, 2010 and the motions hearing set for February 1, 2010, and made findings that the ends of justice in locating and appointing substitute counsel for the Defendant after Ms. Scissors' withdrawal outweighed the interest of the Defendant and the public to a

speedy trial, and excluded the period of delay resulting in the continuance of the
trial date for substitute counsel to be appointed from speedy trial considerations.

11. Also, on January 29, 2010 the Government filed a superseding information,
which expanded the time period that Defendant was alleged to have violated
count one of the information regarding excess camping.

12. On February 1, 2010 Defendant appeared with Mr. Stuckey for the motions
hearing previously scheduled. At that time the Court was advised by the
Government and Mr. Stuckey that the Defendant intended to withdraw his
consent to proceed before a Magistrate Judge. The Court, therefore, re-set the
motions hearing on March 3, 2010 and advised the Defendant to file his motion
on or before February 5, 2010, which was thereafter extended by Minute Order
until February 12, 2010. At that time, the Court also vacated the two day jury
trial scheduled for February 18 and 19, 2010.

13. On February 11, 2010 Defendant filed the instant motion. On March 2, 2010 the
Government filed its response to Defendant's motion to withdraw his consent to
proceed before the Magistrate Judge, objecting on the basis that the motion was
untimely and would lead to undue delay and resolution of the case.

14. At the hearing on the instant motion both parties relied upon two cases, *United
States v. Simmonds*, 179 F.R.D. 308 (D. Colo. 1998) decided by Magistrate
Judge Richard Borchers of this Court, which relied upon *United States v.
Mortensen*, 860 F.2d 948 (9th Cir. 1988), *cert. denied*, 490 U.S. 1036 (1989) for
the standard to be applied in deciding whether such a consent, as at issue in this

case, my be withdrawn.  The full quotation regarding the standard from

*Mortensen* (partly cited in *Simmonds*) is as follows:

> The continuity of consent, however, is only a presumption.
> Although jurisdiction might remain unbroken, consent can be
> withdrawn by the defendant if done in a timely manner.  Waiver of
> the right to trial before an Article III judge involves important
> constitutional rights. (citations omitted)  Like the waiver of some
> other constitutional rights, it should not, once uttered, be deemed
> forever binding.  Our circuit has held, for example, that once a
> waiver of the right to counsel has been made, a defendant is
> entitled to withdraw the waiver and ask for an attorney in a later
> proceeding. (citation omitted)  Another court has held that a waiver
> of the right to a jury trial can be withdrawn before a retrial of the
> same case. (Citation omitted)  We believe that a party who
> consents to trial before a magistrate is entitled to the same chance
> for withdrawal.

> We require only that the notice of withdrawal be timely.
> Timeliness is not a concept subject to precise qualification.  The
> circumstances of each individual case determine its contours.  In
> accord with a well-established tradition, we hold that a withdrawal
> motion is timely when granting the motion would not unduly
> interfere with or delay the proceeding.

Based upon the foregoing, this Court has concluded, that the granting

Defendant's motion to withdraw his consent for trial, judgment and sentencing before

United States magistrate judge should be granted.  Although delay in the proceedings

of this case is partly attributable to the Defendant, it cannot be said that he is entirely

responsible.  The majority of the delay is associated with the difficulties associated with

the withdrawal of Colleen Scissors as Defendant's attorney, and the difficulty

associated with finding new counsel for the Defendant over the holiday period at the

end of 2009 and the beginning of this year.  Furthermore, it cannot be said, with

fairness, that the instant motion is proposed for the purpose of delay.  Also, since no

trial is presently scheduled in the case, due to the foregoing, granting the Defendant's motion to withdraw his consent will not delay further scheduling of trial in this case before an Article III judge.

THEREFORE, IT IS HEREBY **ORDERED** that Defendant's Motion to Withdraw his Consent for Trial, Judgment and Sentencing before a United States Magistrate Judge is HEREBY **GRANTED**. The clerk is directed to contact the clerk's office in Denver for reassignment of this case in conformance with this order.

Dated in Grand Junction, Colorado this 3rd day of March, 2010.

BY THE COURT:

Laird T. Milburn
U.S. Magistrate Judge